United States Court of Appeals,

Fifth Circuit.

No. 94-30738

Summary Calendar.

Kathleen PILIE, wife of/and Noel F. Pilie, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

June 29, 1995.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:

At issue is whether the § 6213(d) waiver of the restrictions on assessment and collection of a deficiency in the settlement agreement between Kathleen and Noel Pilie and the Internal Revenue Service suspended the imposition of interest because the IRS did not make a timely demand of payment. The district court, by summary judgment, held that it did not; we AFFIRM.

I.

The Pilies were partners in Barrister Equipment Associates 88, a TEFRA partnership.[1] As a result of a dispute with the IRS regarding the tax treatment of certain partnership items for tax year 1982, the Pilies and the IRS Commissioner, on May 1, 1990,

---

[1]TEFRA is the Tax Equity and Fiscal Responsibility Act, Pub.L. No. 97-248, 96 Stat. 324 (1982). For a general overview of TEFRA, see *Alexander v. United States,* 44 F.3d 328, 330 (5th Cir.1995), and *Transpac Drilling Venture, 1983-63 by Crestwood Hosps., Inc. v. United States,* 16 F.3d 383, 387 (Fed.Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 79, 130 L.Ed.2d 33 (1994).

executed a settlement agreement.[2] Part I of the Agreement contained a provision whereby, pursuant to § 6224(b) of the Internal Revenue Code, the Pilies agreed to waive the restrictions on the assessment and collection of any deficiency;[3] in Part II, the Pilies waived similar restrictions with respect to penalties and interest, pursuant to § 6213(d).[4]

On April 29, 1991, nearly a year after executing the settlement agreement, the IRS assessed a tax deficiency, as well as interest and a penalty. After paying their tax bill in full, the Pilies filed a refund action against the United States, seeking $11,790.68. Based on stipulated facts, both parties moved for

---

[2]The agreement was executed using Treasury Form 870-L (AD), Settlement Agreement for Partnership Adjustments and Affected Items.

[3]Part I of the Agreement provided, in part:

> Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for [tax year 1982]. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items ... provided in section 6225(a).

[4]Part II of the Agreement provided, in part:

> The undersigned offers to enter into a settlement agreement with respect to penalties (additions to taxes) and interest under section 6621(c) of the Internal Revenue Code.... The undersigned, pursuant to the provisions of section 6213(d) of the Code, also offers to waive the restrictions provided in section 6213(a) of the Code and to consent to the assessment and collection of the penalties (additions to tax), and interest under section 6621(c) attributable to the adjustment(s) of the partnership items; plus any interest provided by law.

2

summary judgment. Relying on § 6213(d) of the Code, the Pilies contended that they executed a valid waiver; and that, therefore, starting 31 days after they submitted the Agreement to the IRS, the accumulation of interest was suspended. On the other hand, the IRS maintained that § 6213(d) had no application to items that had become nonpartnership items pursuant to the Agreement. The district court entered judgment for the IRS.

## II.

## A.

Section 6601(c) of the Code suspends the imposition of interest on a deficiency if the taxpayer files a waiver of a deficiency assessment pursuant to § 6213(d), and the IRS fails to make a demand for payment of the deficiency within 30 days after the waiver is filed.[5] Relying on § 6601(c), the Pilies contend

---

[5]Section 6601(c) provides:

> In the case of a deficiency ..., if a waiver of restrictions under section 6213(d) on the assessment of such deficiency has been filed, and if notice and demand by the Secretary for payment of such deficiency is not made within 30 days after the filing of such waiver, interest shall not be imposed on such deficiency for the period beginning immediately after such 30th day and ending with the date of notice and demand and interest shall not be imposed during such period on any interest with respect to such deficiency for any prior period.

26 U.S.C. § 6601(c). Section 6213(d) provides:

> The taxpayer shall at any time (whether or not a notice of deficiency has been issued) have the right, by a signed notice in writing filed with the Secretary, to waive the restrictions provided in subsection (a) on the assessment and collection of the whole or any part of the deficiency.

3

that they are entitled to a refund of interest for the period beginning on the 31st day after they filed the waiver (February 18, 1990) through the day prior to when the IRS gave notice and made a demand for payment (April 28, 1991). Although the IRS acknowledges that the Agreement states that the Pilies waived the restrictions on assessment pursuant to § 6213(d), it maintains that such a waiver is not effective here.

Under the statutory scheme established by Congress in Subchapter C of Chapter 63 of the Code, §§ 6221-6233 (Tax Treatment of Partnership Items), the normal deficiency procedures in Subchapter B, §§ 6211-6216 (Deficiency Procedures), are generally inapplicable. Specifically, § 6230(a)(1) provides:

> Except as provided in paragraph (2), subchapter B of this chapter shall not apply to the assessment or collection of any computational adjustment.

26 U.S.C. § 6230(a)(1). In turn, paragraph (2) provides:

> (A) Subchapter B shall apply to any deficiency attributable to—
>
> ....
>
> (ii) items which have become nonpartnership items (other than by reason of section 6231(b)(1)(C)) and are described in section 6231(e)(1)(B).

26 U.S.C. § 6230(a)(2). Section 6231(b)(1)(C) provides, however, that when the IRS and a partner enter into a settlement agreement with respect to a partnership item, that item ceases to be a partnership item and becomes, instead, a "nonpartnership item". 26

---

26 U.S.C. § 6213(d).

4

U.S.C. § 6231(b)(1)(C).[6]  Because §§ 6230(a) and 6231(b)(1)(C) makes Subchapter B not applicable to a settlement agreement, and because § 6213 is in Subchapter B, the § 6213(d) waiver in Part II of the Agreement is not effective.  Thus, the IRS could assess the interest in issue.  *Pack v. United States,* 992 F.2d 955, 958 (9th Cir.1993).

### B.

The Pilies contend also that, by the terms of the Agreement, the IRS elected to proceed under Subchapter B and to forego utilization of Subchapter C.

Conceding that Part I of the Agreement (which dealt with any deficiency) addresses computational adjustments[7] under Subchapter C (thus, making Subchapter B not applicable), the Pilies contend that Part II of the Agreement (which dealt with penalties and interest) does not constitute a computational adjustment, and, thus, remains subject to the deficiency procedures of Subchapter B. Notwithstanding the fact that Temporary Treasury Regulation §

---

[6] 26 U.S.C. § 6231(b)(1) provides:

> For purposes of [Subchapter C], the partnership items of a partner for a partnership taxable year shall become nonpartnership items as of the date—
>
> ....
>
> (C) the Secretary enters into a settlement agreement with the partner with respect to such items....

[7] 26 U.S.C. § 6231 defines "computational adjustment" as

> the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item.

301.6231(a)(6)-1T(b) specifies that interest constitutes a computational adjustment,[8] the Pilies maintain that, pursuant to the terms of Part II of the Agreement, the IRS elected to opt out of Subchapter C and, instead, assessed and collected the penalty and interest pursuant to Subchapter B. In particular, the Pilies identify the second paragraph of Part II, which provides:

> This agreement with respect to penalties (additions to tax) and interest under section 6621(c) of the [Code] will not constitute a settlement agreement for purpose of the consistent settlement provision of section 6224(c)(2) of the [Code].

To read this language as an election on the part of the IRS to opt out of Subchapter C (assuming it could do so), fails to appreciate the limited wording of the above quoted passage. Section 6224(c) provides:

> In the absence of a showing of fraud, malfeasance, or misrepresentation of fact—
>
> ....
>
> **(2) Other partners have right to enter into consistent agreements.—**If the Secretary enters into a settlement agreement with any partner with respect to partnership items for any partnership taxable year, the Secretary shall offer to any other partner who so requests settlement terms for the partnership taxable year which are consistent with those contained in such settlement agreement.

26 U.S.C. § 6224(c). Thus the limitation relied upon by the Pilies appears simply to be an attempt on the part of the IRS not to obligate itself to agree to the same terms when dealing with other

---

[8]Temp.Treas.Reg § 301.6231(a)(6)-1T(b) provides:

> A computational adjustment includes any interest due with respect to any underpayment or overpayment of tax attributable to adjustments to reflect properly the treatment of partnership items.

partners of Barrister Equipment Associates.[9]  In any event, there is no indication that the IRS intended to proceed under Subchapter B.

## III.

For the foregoing reasons, the judgment is

AFFIRMED.

---

[9]We need not decide whether by agreement with one partner, the IRS may circumvent the provisions of the consistent settlement provisions of § 6224(c)(2).