**HACHETTE USA, INC., as successor to Hachette Publications, Inc., and Curtis Circulation Co., subsidiary, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**Nos. 1427, 1732,
Dockets 96–4014(L), 96–4015CON.**

United States Court of Appeals,
Second Circuit.

Argued June 4, 1996.

Decided June 21, 1996.

44

Carter G. Phillips, Washington, DC (Daniel M. Davidson, John F. Wester, Griffith L. Green, Sidley & Austin, Washington, DC, on the brief), for petitioners-appellants.

John A. Dudeck, Jr., Washington, DC (Loretta C. Argrett, Asst. Atty. Gen., Gary R. Allen, Teresa E. McLaughlin, Tax Division, United States Department of Justice, Washington, DC, on the brief), for respondent-appellee.

Before: NEWMAN, Chief Judge, JACOBS and CABRANES, Circuit Judges.

PER CURIAM:

Hachette USA, Inc. and its subsidiary, Curtis Circulation Co. (collectively "Hachette"), appeal from the decision of the Tax Court (David Laro, Judge) entered October 30, 1995, upholding deficiency determinations totaling more than $ 3.3 million assessed against Hachette's two predecessor corporations for the 1987 and 1988 tax years. Hachette contends that the regulation upon which the deficiency determination was based is invalid because it denies an exclusion from gross income that Hachette claims is required by statute.

The statute at issue, 26 U.S.C. § 458 (1994), allows magazine distributors to exclude from gross income the income attributable to the sales of extra copies of magazines provided to retailers for display purposes that are never expected to be sold and are returned within the first two and a half months of the following tax year. The statute refers only to gross *receipts* in defining the "amount excluded." The regulation, Treas. Reg. § 1.458–1 (1995), following the standard method of determining gross *income* in a merchandising business, requires distributors to match costs with gross receipts and disallows deductions taken in the first tax year for costs of returned magazines that were not reflected in income.

In a comprehensive and thorough opinion, Judge Laro ruled that the regulation is valid. We agree and affirm on the opinion of the Tax Court.