T.C. Memo. 2004-70

UNITED STATES TAX COURT

GARY T. MACKEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1802-02.                     Filed March 18, 2004.

P did not file Federal income tax returns for the
years 1995-99 but remitted amounts with his filing
extension requests for 3 of those years.  R issued
notices of deficiency, and P timely filed petitions for
redetermination.  R erroneously assessed the
deficiencies and additions to tax determined in the
notices.  R's subsequent abatement of the assessments
resulted in the issuance of an erroneous refund for
1996.

1.  <u>Held</u>:  R is not estopped from asserting the
deficiencies and additions to tax remaining at issue.

2.  <u>Held</u>, <u>further</u>, P's remittances do not affect
the amounts of the deficiencies at issue.

3.  <u>Held</u>, <u>further</u>, R has failed to meet his burden
of production under sec. 7491(c), I.R.C., with respect

to the addition to tax under sec. 6654, I.R.C., determined for 1995.

Gary T. Mackey, pro se.

James E. Archie, for respondent.

MEMORANDUM OPINION

HALPERN, Judge:  By notices of deficiency dated September 5, 2001 (the notices), respondent determined deficiencies in, and additions to, petitioner's Federal income taxes for his taxable (calendar) years 1995 through 1999 (the audit years) as follows:

|  | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 1995 | $34,309 | $8,577.25 | -- | $1,860.32 |
| 1996 | 33,891 | -- | -- | 1,803.86 |
| 1997 | 45,536 | 10,634.00 | -- | 2,436.20 |
| 1998 | 5,252 | 605.17 | To be determined | 240.35 |
| 1999 | 23,741 | 5,340.82 | To be determined | 1,148.74 |

Pursuant to a stipulation of settled issues filed with the Court, the parties have stipulated: (1) Petitioner's items of income for 1995, 1996, and 1997, (2) certain items of deduction available to him for such years, (3) that there are no deficiencies or additions to tax for 1998 and 1999, and (4) that there are overpayments of $2,562.36 and $4.00 for 1998 and 1999, respectively.  Respondent has also conceded the additions to tax under section 6651(a)(1) for 1995 and 1997.  The issues remaining for decision are whether: (1) Respondent's actions and communications in the wake of assessments made but subsequently

abated with respect to the audit years preclude him from prevailing with respect to the deficiencies and additions to tax remaining at issue, (2) amounts petitioner remitted at the time of filing extension requests for 1996 and 1997 reduce the deficiencies determined for those years, and (3) respondent has satisfied his burden of production under section 7491(c) with respect to the section 6654(a) additions to tax remaining at issue.

Unless otherwise noted, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The parties have filed a stipulation of facts and have submitted this case without trial pursuant to Rule 122. The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference. We have inferred additional facts from uncontested portions of the parties' submissions. We shall set forth only such facts as are necessary to understand our discussion and conclusion.

At the time he filed the petition, petitioner resided in Arlington, Texas.

Although he requested an extension of time to file his Federal income tax return for each of the audit years, petitioner

did not file a return for any audit year.  Petitioner did, however, remit $57,831 and $3,000 with his extension requests for 1996 and 1997, respectively (the 1996 remittance and the 1997 remittance, respectively).

Following receipt of the notices, petitioner mailed the petition to the Court on December 4, 2001, the last day for timely filing the petition.  Possibly due to contamination of the mails by anthrax, we did not receive the petition until January 22, 2002.

Respondent did not receive a copy of the petition in time to stop him from assessing the deficiencies and additions to tax set forth in the notices (plus applicable interest) on February 4, 2002, on the assumption that petitioner had failed timely to petition the Court.  Following receipt of a copy of the petition, however, respondent's counsel, by letter dated April 8, 2002, notified petitioner of the assessments and stated that he had requested abatement thereof.  Respondent abated the assessments on May 13, 2002.

Also on May 13, 2002, respondent's Austin Service Center notified petitioner by letter that it had credited petitioner's account for 1996 in the amount of $35,694.86[1] and that such amount would be refunded to him if he "[owed] no other taxes or

---

[1]  That amount equals the sum of the assessments of tax ($33,891) and additions to tax ($1,803.86) for 1996.

other debts we are required to collect". Petitioner received a $39,229.76 refund shortly thereafter (the refund for 1996).[2]

By letter dated June 7, 2002, respondent's Austin Service Center responded to an unspecified inquiry from petitioner regarding his 1999 taxable year. The letter states in part: "You don't need to do anything further now on this matter. * * * If you receive or have received additional notices about this account, please disregard them."

On September 18, 2002, the Court issued its Standing Pretrial Order and Notice, setting the case for trial at the trial session of the Court commencing on February 24, 2003, in Dallas, Texas. Subsequent consultations between the parties led to the stipulation of facts and stipulation of settled issues referenced above.

## Discussion

### I. Deficiencies

#### A. Effect of Respondent's Prior Actions

Although petitioner assigns error to respondent's determinations of deficiencies in tax for each of the audit years, petitioner's only pertinent averments are that respondent allowed no business expenses in computing petitioner's income and did not acknowledge payments made by petitioner. Petitioner does

---

[2] That amount equals the sum of the abated assessments for 1996 ($35,694.86) and interest thereon ($3,534.90). There is no explanation of why this refund was made.

not aver specific expenses that respondent failed to allow. In any event, by the stipulation of settled issues, respondent has allowed various business (and other) deductions. Those deductions, however, are not sufficient to reduce to zero the deficiencies determined for 1995, 1996, and 1997. Nevertheless, petitioner argues that respondent's continued assertion of the deficiencies and additions to tax remaining at issue is not "fair", based on respondent's allegedly misleading actions and statements in connection with the premature assessments of the amounts set forth in the notices. Thus, while, in effect, acknowledging unreported income in excess of the deductions allowed by respondent for 1995, 1996, and 1997, petitioner does not want to pay the resulting deficiencies in tax (and section 6654(a) additions to tax), claiming that respondent's actions led him to believe that his case had been resolved, thereby prompting him to discard records that would have substantiated additional deductions. Although not phrased in so many words, petitioner's argument essentially amounts to a claim of estoppel.

Equitable estoppel is a judicial doctrine that precludes a party from denying that party's own acts or representations that induced another to act to his or her detriment. E.g., Graff v. Commissioner, 74 T.C. 743, 761 (1980), affd. 673 F.2d 784 (5th Cir. 1982). It is to be applied against the Commissioner only with utmost caution and restraint. E.g., Hofstetter v.

Commissioner, 98 T.C. 695, 700 (1992). We have previously denied estoppel claims of taxpayers based on erroneous abatements or refunds. See, e.g., Miller v. Commissioner, 23 T.C. 565, 569 (1954), affd. 231 F.2d 8 (5th Cir. 1956); Brown v. Commissioner, T.C. Memo. 1996-100, affd. without published opinion 181 F.3d 99 (6th Cir. 1999); Wilson v. Commissioner, T.C. Memo. 1991-491; Beer v. Commissioner, T.C. Memo. 1982-735, affd. 733 F.2d 435 (6th Cir. 1984).

Although we deem it unnecessary to provide an indepth analysis of the doctrine of equitable estoppel here, we do note that one of the key elements of an estoppel claim is reasonable reliance on the acts or statements in question. Greenberg Bros. Pship. #4 v. Commissioner, 111 T.C. 198, 208 n.16 (1998), affd. sub nom. Cinema '84 v. Commissioner, 294 F.3d 432 (2d Cir. 2002). Given the fact that: (1) The aggregate deficiencies and additions to tax determined in the notices exceeded petitioner's corresponding remittances by more than $110,000, (2) respondent's counsel had previously notified petitioner that assessments had been made in error and that corrective action would follow to restore the status quo, and (3) petitioner received no indication from either respondent's counsel or this Court that his case had been resolved, we conclude that petitioner's reliance on the erroneous refund and contemporaneous correspondence from

respondent's Austin Service Center as grounds for discarding his records was not reasonable.

Petitioner implies that he should prevail because he is without fault insofar as the erroneous refund is concerned. Any such argument is unavailing in light of petitioner's failure to file a return and report his tax obligation for any of the years at issue.

B. Effect of Prior Remittances

By the petition, and on brief, petitioner argues that respondent determined deficiencies for 1996 and 1997 without taking into account the 1996 and 1997 remittances. Respondent concedes the fact of the remittances but argues that the remittances are irrelevant to the determination of the 1996 and 1997 deficiencies. We agree with respondent.

For Federal income tax purposes, the word "deficiency" has a specific meaning. It is defined in section 6211(a) as the amount by which the tax imposed exceeds the excess of--

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over--

(2) the amount of rebates, as defined in subsection (b)(2), made.

We assume that petitioner's argument is that, in determining deficiencies in tax for 1996 and 1997, respondent was required to give petitioner credit for the 1996 and 1997 remittances pursuant to section 6211(a)(1)(B) (amounts previously assessed or collected without assessment as a deficiency). However, according to transcripts of petitioner's accounts with respondent for the audit years, to which the parties have stipulated, respondent had not, prior to determining deficiencies for 1996 and 1997, assessed amounts corresponding to the 1996 and 1997 remittances, as a deficiency or otherwise. Furthermore, respondent did not "collect" such amounts as a deficiency; indeed, at the time the 1996 and 1997 remittances were received by respondent, petitioner had filed no returns for those years, and respondent had not yet determined any deficiencies in tax for those years. See, e.g., Malachinski v. Commissioner, T.C. Memo. 1999-182, affd. 268 F.3d 497 (7th Cir. 2001). Respondent, thus, properly disregarded the 1996 and 1997 remittances in determining the deficiencies for those years.[3]

---

[3] We note that respondent's erroneous postnotice assessments of the 1996 and 1997 deficiencies similarly do not constitute "amounts previously assessed * * * as a deficiency" to be taken into account under sec. 6211(a)(1)(B) in determining the deficiencies for those years. See Mitchell v. Commissioner, 51 T.C. 641, 649-650 (1969) (premature assessments of deficiencies were void and therefore are not taken into account under sec. 6211, even though the Commissioner did not abate such assessments until after the petition was filed), revd. on other grounds 430 F.2d 1 (5th Cir. 1970), revd. 403 U.S. 190 (1971). Nor does the refund improvidently made by respondent for 1996 affect the
(continued...)

II.  Additions to Tax

   A.  Section 6654

   Section 6654 provides for an addition to tax (in the form of an interest charge) in the event of an underpayment of a required installment of individual estimated tax.  See sec. 6654(a).  As relevant to this case, each required installment of estimated tax is equal to 25 percent of the "required annual payment", which in turn is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return.  Sec. 6654(d)(1)(A) and (B).  For purposes of section 6654, an individual's tax consists of income tax and self-employment tax and is determined before the application of any wage withholding credit[4] (but after the application of other allowable credits).  Sec. 6654(f); see sec. 31.  The due dates of the required installments for a calendar taxable year are April 15, June 15,

---

[3](...continued)
deficiency determined by respondent for that year.  See sec. 6211(b)(2); Hillenbrand v. Commissioner, T.C. Memo. 2003-303 (nonrebatable erroneous refunds do not enter into determination of deficiencies in taxpayers' gift taxes); sec. 301.6211-1(f), Proced. & Admin. Regs. (an amount refunded is not a rebate unless the refund resulted from a substantive determination by the Commissioner as to the taxpayer's correct tax for that year).

[4]  Under sec. 6654(g)(1), wage withholding credits are treated as payments of estimated tax.

and September 15 of that year and January 15 of the following
year, sec. 6654(c)(2), and the interest charge on any
underpayment runs from the due date of the installment to April
15 of the following year (or to the date of payment, if earlier),
sec. 6654(b)(2).

There are two mechanical exceptions to the applicability of
the section 6654 addition to tax.  First, as relevant to this
case, the addition is not applicable if the tax shown on the
individual's return for the year in question (or, if no return is
filed, the individual's tax for that year), reduced for these
purposes by any allowable credit for wage withholding, is less
than $500.[5]  Sec. 6654(e)(1).  Second, the addition is not
applicable if the individual's tax for the preceding taxable year
was zero.  Sec. 6654(e)(2).

B.  Section 7491(c)

Section 7491(c) imposes the burden of production in any
court proceeding (i.e., the burden of moving forward with
evidence) on the Commissioner with respect to the liability of
any individual for penalties and additions to tax.[6]  In order to

_____

[5]  Effective for taxable years beginning after Dec. 31,
1997, the threshold amount is $1,000.  Taxpayer Relief Act of
1997, Pub. L. 105-34, sec. 1202, 111 Stat. 994.  Respondent is no
longer asserting additions to tax under sec. 6654 for
petitioner's 1998 and 1999 taxable years.

[6]  Sec. 7491(c) applies to court proceedings arising in
connection with examinations commencing after July 22, 1998.
Internal Revenue Service Restructuring and Reform Act of 1998,
(continued...)

meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate; he need not negate the existence of any circumstantial defense such as reasonable cause. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995; see sec. 6654(e)(3) (providing for waiver of the addition to tax under certain extenuating circumstances).

C. Discussion

We are concerned only with 1995, 1996, and 1997. Because petitioner did not file returns for those years, the applicability of the $500 de minimis exception under section 6654(e)(1) discussed above is determined on the basis of petitioner's actual tax for those years, less wage withholding.[7] The stipulation of settled issues filed by the parties establishes that petitioner's tax, as so defined, for each of those years exceeded $500. Those stipulations also preclude the applicability of the section 6654(e)(2) exception (zero tax for preceding year) to 1996 and 1997. However, nothing in the record

_____

[6](...continued)
Pub. L. 105-206, sec. 3001(c)(1), 112 Stat. 727. In his brief, respondent concedes that his examination of petitioner's 1995, 1996, and 1997 taxable years (i.e., the years remaining at issue) commenced after July 22, 1998.

[7] The stipulation of settled issues categorizes petitioner's earned income for the years 1995-97 as nonemployee compensation, which by definition is not subject to wage withholding. See secs. 3401(a), 3402(a).

indicates that petitioner's 1994 tax was greater than zero. Since the possibility remains that the section 6654(e)(2) exception applies to 1995, respondent has failed to satisfy section 7491(c) with respect to the section 6654 addition to tax for that year.  Petitioner therefore is not liable for such addition to tax.

The 1996 and 1997 remittances were made on April 15 of 1997 and 1998, respectively.  Since the interest charge on quarterly underpayments of estimated tax ceases to accrue on April 15 of the following year, see sec. 6654(b)(2), petitioner's remittances with respect to 1996 and 1997 could not reduce the amounts of any quarterly underpayments of estimated tax with respect to those years.  In the absence of any returns for 1996 and 1997 and any offsetting remittances, the amounts of those underpayments are determined solely by reference to petitioner's actual tax for each such year (more precisely, 90 percent thereof), as governed by the stipulation of settled issues.  In light of the foregoing, respondent has satisfied section 7491(c) with respect to the section 6654 additions to tax for 1996 and 1997.

III.  <u>Conclusion</u>

We conclude that (1) respondent is not estopped from asserting deficiencies and additions to tax with respect to 1995, 1996, and 1997; (2) amounts petitioner remitted with his filing extension requests for 1996 and 1997 do not reduce the

deficiencies for those years; and (3) respondent has satisfied his burden of production with respect to the additions to tax for 1996 and 1997, but not with respect to the addition to tax for 1995.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.