*Decision will be entered under Rule 50.*

―――――

WILLIAM D. LYDON AND MYRTLE I. LYDON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 73581.    Filed April 21, 1971.

Petitioners, after a prior decision had been affirmed on appeal and had become final, filed a motion for leave to file a petition to reopen proofs on the ground that the prior decision was based upon perjured testimony. *Held,* motion denied since application should properly be addressed to the appellate court.

*Allan J. Smietanka* and *Joseph G. Smietanka,* for the petitioners.
*Richard K. Seltzer,* for the respondent.

OPINION

TANNENWALD, *Judge:* On November 27, 1970, petitioners filed a "Motion for Leave to File a Petition to Reopen Proofs" in the case of *William D. Lydon,* T.C. Memo. 1964–27, affd. *Lydon* v. *Commissioner,* 351 F. 2d 539 (C.A. 7, 1965), on the ground that this Court, in reaching its decision, relied on the testimony of one Orville Hodge, who, it is alleged, recently recanted his testimony by further sworn testimony before a U.S. District Court.

The touchstone for reopening a case in this Court after all time for appeal has expired is whether the alleged justification constitutes "fraud on the court." *Kenner* v. *Commissioner*, 387 F. 2d 689 (C.A. 7, 1968); *John J. Toscano*, 52 T.C. 295 (1969), on appeal (C.A. 9, July 17, 1969). The possibility that testimony upon which a court may have relied was perjured has repeatedly been held not to constitute such fraud. *Dowdy* v. *Hawfield*, 189 F. 2d 637 (C.A.D.C. 1951); *Aetna Casualty & Surety Co.* v. *Abbott*, 130 F. 2d 40, 43 (C.A. 4, 1942); *Lockwood* v. *Bowles*, 46 F.R.D. 625 (D.D.C. 1969); *Martin* v. *Shelly*, 67 F. Supp. 689, 690 (D. Alaska 1946); see *Hazel-Atlas Co.* v. *Hartford Co.*, 322 U.S. 238, 245 (1944). We have serious doubts that confessed perjury, which we have for the purpose of this motion assumed took place herein and upon which the parties hereto have focussed their attention, should be accorded any different treatment.[1] However, we have found it unnecessary definitively to resolve this issue, since we are of the opinion that petitioners' motion has been improperly addressed to this Court.

*Hazel-Atlas Co.* v. *Hartford Co.*, *supra*, involved the power of a circuit Court of Appeals, upon proof that fraud was perpetrated on it by a successful litigant, to vacate its own judgment entered at a prior term and direct vacation of a District Court's decree entered pursuant to the appellate court's mandate. Addressing itself specifically to the procedure involved in impeaching a judgment which has been acted upon by an appellate court, the High Court noted (322 U.S. at 248) that:

Such a judgment, it was said, was not subject to impeachment in such a proceeding [trial court proceeding] because a trial court lacks the power to deviate from the mandate of an appellate court. The solution evolved by the courts is a procedure whereby permission to file the bill [of review] is sought in the appellate court. The hearing conducted by the appellate court on the petition * * * is not just a ceremonial gesture. The petition must contain the necessary averments, supported by affidavits or other acceptable evidence; and the appellate court may in the exercise of a proper discretion reject the petition, in which case a bill of review cannot be filed in the lower court. *National Brake Co.* v. *Christensen*, 254 U.S. 425, 430–433.

The motion herein is analogous to one filed in a Federal District Court under Rule 60(b) of the Federal Rules of Civil Procedure.[2]

---

[1] Not the least of the problems inherent in such a situation is the question of whether the perjury is reflected in the earlier statement or the later statement. See *Glade* v. *Allied Electric Products*, 135 F. 2d 590, 591–592 (C.A. 7, 1943).

[2] Rule 60. Relief from Judgment or Order

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule

Footnote continued on following page.

In *Geuder, Paeschke & Frey Co.* v. *Clark*, 288 F. 2d 1 (C.A. 7, 1961), the Court of Appeals for the Seventh Circuit relied on the necessity of leave of the appellate court in cases arising under Rule 60(b) and held that its leave was required before the District Court could entertain an independent action to restrain the enforcement of a judgment which had been affirmed on appeal. Compare *Jack E. Golsen*, 54 T.C. 742 (1970), on appeal (C.A. 10, May 4, 1970). Its holding reflects the great weight of authority under Rule 60(b) as presently constituted as well as under prior practice dealing with bills of review.[3] See *Hazel-Atlas Co.* v. *Hartford Co., supra; Nyyssonen* v. *Bendix Corporation*, 356 F. 2d 193 (C.A. 1, 1966); *Krock* v. *Electric Motor & Repair Co.*, 339 F. 2d 73 (C.A. 1, 1964); *Bros. Incorporated* v. *W. E. Grace Manufacturing Co.*, 320 F. 2d 594 (C.A. 5, 1963); *Hartman* v. *Lauchli*, 304 F. 2d 431 (C.A. 8, 1962); *Tribble* v. *Bruin*, 279 F. 2d 424 (C.A. 4, 1960); *Ginsburg* v. *Stern*, 263 F. 2d 457 (C.A. 3, 1959); *Home Indemnity Co. of New York* v. *O'Brien*, 112 F. 2d 387 (C.A. 6, 1940); 7 Moore, Federal Practice, par. 60.30[2], pp. 340–341, fn. 25 (2d ed. 1970); Wright, Law of Federal Courts 385 (1963 ed.). Contra, *Wilkin* v. *Sunbeam Corporation*, 405 F. 2d 165 (C.A. 10, 1968); *S. C. Johnson & Son* v. *Johnson*, 175 F. 2d 176 (C.A. 2, 1949) (Clark, *J.*, dissenting); *Perlman* v. *322 West Seventy-Second Street Co.*, 127 F. 2d 716 (C.A. 2, 1942) (view of Clark, *J.*); 3 Barron & Holtzoff, Federal Practice and Procedure, sec. 1332, p. 437 (1958). That perjured testimony is the ground of the application for relief does not provide

---

Footnote continued from previous page.

59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. *This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28 U.S.C. § 1655, or to set aside a judgment for fraud upon the court.* Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action. [Emphasis added.]

[3] Professor Moore, in responding to a recommendation contained in the May 1954 draft of the Advisory Committee on Rules of Civil Procedure which would have dispensed with the necessity of obtaining leave of the appellate court (a recommendation which was not adopted by the Supreme Court), defended the established practice on the ground that the appellate court can screen out attacks which are clearly without merit, noting that: "This usually does not require an elaborate record. If a prima facie case of merit is made out, the appellate court then grants leave, and the full hearing and record is made in the district court. We believe that the present practice does not impose barren requirements, nor unwarranted hurdles since the moving party is seeking relief from a final judgment after the case has been before at least one appellate court. The Committee's proposed amendment, we believe, unnecessarily undermines the finality of judgments. [7 Moore, Federal Practice, par. 60.30 [2], pp. 340–341, fn. 25 (2d ed. 1970).]"

the foundation for a different result. *Krock* v. *Electric Motor & Repair Co., supra; Lockwood* v. *Bowles, supra.*

An appeal from this Court lies to the appropriate circuit Court of Appeals. Consequently, it seems clear to us that since the decided cases reveal that Rule 60(b) of the Federal Rules of Civil Procedure does not change the usual requirement of leave of the appellate court, *a fortiori*, such leave is required where, as is the case herein, the Federal Rules of Civil Procedure are not technically applicable to this Court. Accordingly, petitioners' motion is denied.[4]

---

[4] The issue presented herein was neither faced nor adverted to in *Kenner* v. *Commissioner,* 387 F. 2d 689 (C.A. 7, 1968), presumably because of the peculiar nature of the action sought from this Court therein, i.e., a request to the U.S. Attorney General to investigate fraud upon the Court; thus the framing of the issue in terms of a petition to reopen this Court's prior decision did not occur until the case reached the circuit Court of Appeals. No action by an appellate court was involved in *John J. Toscano,* 52 T.C. 295 (1969), on appeal (C.A. 9, July 17, 1969).