122 T.C. No. 13

UNITED STATES TAX COURT

CINEMA '84, RICHARD M. GREENBERG, TAX MATTERS PARTNER, Petitioner
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 621-92.                    Filed March 23, 2004.


        In this TEFRA partnership proceeding, the Court entered an Order of Dismissal and Decision, and that decision was appealed to the Court of Appeals for the Second Circuit. The Court of Appeals affirmed in part and reversed in part the decision of this Court, and, in accord with the mandate, this Court issued an order dismissing this case for lack of jurisdiction as to a participating partner. The Court's Order of Dismissal and Decision is otherwise final under sec. 7481(a), I.R.C.

        M, a partner of the partnership who had not previously participated in this proceeding, filed a motion for leave to file notice of election to participate out of time and lodged with the Court a motion to vacate order of dismissal and decision and a motion to be appointed tax matters partner.

Held: The motion to vacate was properly submitted to this Court, without leave of the Court of Appeals, under Standard Oil Co. of Cal. v. United States, 429 U.S. 17 (1976), and Lydon v. Commissioner, 56 T.C. 128 (1971), is overruled and will no longer be followed because of the Supreme Court decision.

Held, further, M has not alleged proper grounds for vacating a final decision of this Court.

Held, further, the same standards apply for vacating a final decision in a TEFRA proceeding as in a deficiency case.

Thomas E. Redding, for movant Garlon J. Riegler.

Bradford A. Johnson, for respondent.

OPINION

DAWSON, Judge: This case was assigned to Special Trial Judge Carleton D. Powell pursuant to the provisions of section 7443A(b)(5)[1] and Rules 180, 181, and 183. The Court agrees with and adopts the opinion of the Special Trial Judge set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

POWELL, Special Trial Judge: This case is before the Court on a Motion for Leave to File Notice of Election to Participate Out of Time filed on behalf of Garlon J. Riegler (movant) on

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect at relevant times. Rule references are to the Tax Court Rules of Practice and Procedure.

December 9, 2003.  Together with that motion he lodged with the Court a Motion to Vacate Order of Dismissal and Decision and a Motion to be Appointed Tax Matters Partner.

This case is a so-called TEFRA partnership proceeding under sections 6221-6233 and involves disallowed deductions claimed with respect to a motion picture promotion.  The Court held pre-trial conferences on September 21-22, 1994, and on February 8, 1995.  At those conferences, none of the partners who appeared indicated a desire to prosecute this case or other similar cases. Furthermore, there is no active tax matters partner in this case.

On July 10, 1995, respondent filed a Motion to Dismiss for Failure to Properly Prosecute.  That motion was held in abeyance while the Court disposed of potentially dispositive motions concerning certain partners who had elected to participate.  The Court disposed of those motions.  See Greenberg Bros. Pship. #4 v. Commissioner, 111 T.C. 198 (1998), affd. in part and revd. in part sub nom. Cinema '84 v. Commissioner, 294 F.3d 432 (2d Cir. 2002).

This case was calendared for hearing on respondent's Motion to Dismiss for Failure to Properly Prosecute at the Special Session of the Court held on July 6, 1999.  The order provided that "IF THERE IS NO APPEARANCE BY OR ON BEHALF OF A PARTNER WHO WILL PROSECUTE THIS MATTER, THE COURT WILL DISMISS THIS CASE FOR FAILURE TO PROPERLY PROSECUTE AND ENTER A DECISION SUSTAINING

RESPONDENT'S DETERMINATION IN FULL." The order was served on all the partners who were still linked to the partnership proceeding. At the hearing the only appearance was made by counsel for some of the participating partners who asked the Court to delay the dismissal for 90 days to determine whether there was any partner who wished to proceed with the litigation and would become the tax matters partner. That time was subsequently extended to November 4, 1999. There was no appearance by any partner who desired to prosecute this case. On June 23, 2000, respondent filed a Notice of Consistent Agreement. By an Order of Dismissal and Decision entered on September 1, 2000, respondent's Motion to Dismiss for Failure to Properly Prosecute filed July 10, 1995, was granted, and respondent's determinations of partnership adjustments for the taxable years 1985, 1986, 1987, 1988, and 1989 were sustained.

The order of dismissal and decision was appealed with respect to the Court's holding that certain partners were not entitled to a consistent settlement and whether one partner, Karin M. Locke, was still properly before the Court. The Court of Appeals for the Second Circuit affirmed as to the first issue and reversed as to the second. Cinema '84 v. Commissioner, supra. The Mandate of the Court of Appeals for the Second Circuit was filed May 21, 2002, and no petition for a writ of certiorari was filed. On March 24, 2003, the Court issued an

order dismissing Karin M. Locke for lack of jurisdiction in conformity with the Mandate of the Court of Appeals for the Second Circuit. The decision of this Court became final on April 23, 2003. See sec. 7481(a)(3)(B).

On December 9, 2003, a Motion for Leave to File Notice of Election to Participate Out of Time (motion for leave) was filed on behalf of movant. The motion alleges that movant is a partner in the Cinema '84 partnership and requests that he be appointed the tax matters partner for the partnership. With the motion, movant lodged with the Court a motion to vacate order of dismissal and decision and a motion to be appointed tax matters partner.

The raison d'être of movant's motion for leave is to have the Court vacate its decision entered September 1, 2000, that sustained respondent's determinations with regard to the taxable years 1985, 1986, 1987, 1988, and 1989 of Cinema '84. In resolving the question whether leave should be granted, we must first decide whether the Court's decision should be vacated. That decision was entered September 1, 2000, and modified on March 24, 2003, pursuant to the Mandate of the Court of Appeals for the Second Circuit. With respect to all the partners who had not previously settled, with the exception of Karin M. Locke, the Court's decision was affirmed by the Court of Appeals for the Second Circuit and is final.

1.  Authority of the Tax Court To Vacate a Decision

While not raised in the motion to vacate lodged with the Court, the initial question is whether this Court has the authority to reopen a case where the decision of this Court has been affirmed, modified, or reversed by the Court of Appeals.  In Lydon v. Commissioner, 56 T.C. 128 (1971), the Court was faced with a "Motion for Leave to File a Petition to Reopen Proofs [sic]" filed after the decision of this Court had been affirmed by the Court of Appeals.[2]  The gravamen of the motion was that the decision of this Court was based on perjured testimony.  We assumed that the allegation was correct.  Nonetheless, we found that the motion was "analogous to one filed in a Federal District Court under Rule 60(b) of the Federal Rules of Civil Procedure", id. at 129, and we applied the then majority view "that since the decided cases reveal that Rule 60(b) * * * does not change the usual requirement of leave of the appellate court, *a fortiori*, such leave is required where, as is the case herein, the Federal Rules of Civil Procedure are not technically applicable to this Court", id. at 131.

In Transp. Manufacturing & Equip. Co. v. Commissioner, T.C. Memo. 1971-178, a decision of this Court had been appealed to the

---

[2]  See Lydon v. Commissioner, T.C. Memo. 1964-27, affd. 351 F.2d 539 (7th Cir. 1965).

Court of Appeals for the Eighth Circuit, but taxpayer had not

raised a specific issue on appeal.[3]  The case was remanded to

this Court on other grounds, and taxpayer sought to have our

original decision vacated as to the issue that had not been

appealed.  This Court, in rejecting taxpayer's argument, noted:

> decisions of this Court may be reviewed by the Courts
> of Appeals and by those courts alone.  In turn,
> judgments of the Courts of Appeals with respect to * *
> * decisions of this Court may be reviewed by the
> Supreme Court and by that Court alone.  Our assumption
> of jurisdiction to amend a judgment of the Eighth
> Circuit [in this case] would be, in effect, a review of
> that court's judgment, and, hence, a transgression not
> only of the traditional jurisdictional limits described
> in William D. Lydon, supra, but also of the statutory
> jurisdictional limits established by section 7482(a).

The final word on a trial court's authority to reopen a

decision or judgment after it has been affirmed, modified, or

reversed by a Court of Appeals, however, had not been spoken.  In

Standard Oil Co. of Cal. v. United States, 429 U.S. 17 (1976),

the Supreme Court affirmed the judgment of a lower court.

Subsequently, after the mandate of the Supreme Court was issued,

the corporation moved to recall the mandate and have the lower

court's judgment set aside under rule 60(b) of the Federal Rules

of Civil Procedure.  The Supreme Court recognized:

> that in the past both this Court and many Courts of
> Appeals have required appellate leave before the
> District Court could reopen a case which had been

---

[3]  See Transp. Manufacturing & Equip. Co. v. Commissioner, T.C. Memo. 1968-189, affd. in part and vacated in part 434 F.2d 373 (8th Cir. 1970).

reviewed on appeal.  The requirement derived from a belief that an appellate court's mandate bars the trial court from later disturbing the judgment entered in accordance with the mandate.  It has also been argued that the appellate-leave requirement protects the finality of the judgment and allows the appellate court to screen out frivolous Rule 60(b) motions. [Id. at 18; fn. ref. and citations omitted.]

The Supreme Court, however, held:

In our view, the arguments in favor of requiring appellate leave are unpersuasive.  Like the original district court judgment, the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events. Hence, the district judge is not flouting the mandate by acting on the motion.  Furthermore, the interest in finality is no more impaired in this situation than in any Rule 60(b) proceeding.  Finally, we have confidence in the ability of the district courts to recognize frivolous Rule 60(b) motions.  Indeed, the trial court "is in a much better position to pass upon the issues presented in a motion pursuant to Rule 60(b)".

The appellate-leave requirement adds to the delay and expense of litigation and also burdens the increasingly scarce time of the federal appellate courts.  We see no reason to continue the existence of this "unnecessary and undesirable clog on the proceedings."  [Id. at 18-19; citations omitted.]

In light of Standard Oil Co. of Cal., we conclude that Lydon v. Commissioner, supra, and its progeny are no longer viable.  In Lydon we analogized the situation to that of a district court under rule 60(b) of the Federal Rules of Civil Procedure and relied on, inter alia, Hazel-Atlas Co. v. Hartford Co., 322 U.S. 238 (1944), Tribble v. Bruin, 279 F.2d 424 (4th Cir. 1960), and Home Indem. Co. v. O'Brien, 112 F.2d 387 (6th Cir. 1940).  The

reasoning in those cases was specifically rejected by the Supreme Court in <u>Standard Oil Co. of Cal. v. United States</u>, <u>supra</u>.

It may be argued that our opinion in <u>Transp. Manufacturing & Equip. Co. v. Commissioner</u>, <u>supra</u>, also rests on the language of section 7482(a) and is not governed by the same principles as cases under rule 60(b) of the Federal Rules of Civil Procedure, notwithstanding the analogy drawn in <u>Lydon</u>.  Section 7482(a), however, provides that the review of Tax Court decisions shall be "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury".  If a district court could not entertain a motion to vacate without the intervention of the Court of Appeals, it would follow that the Tax Court also cannot, and this was the holding of <u>Lydon</u> and its progeny.  On the other hand, the converse is that, if the district courts can entertain motions to vacate, the Tax Court can do likewise.  Accordingly, because of the Supreme Court's holding in <u>Standard Oil Co. of Cal.</u>, we will no longer follow the <u>Lydon</u> case or its progeny.  We hold that the Tax Court has the authority to act on a motion to vacate a decision that has been affirmed, reversed, or modified by the Court of Appeals.

2.  Standards for Vacating a Final Decision

Notwithstanding the authority to act on such a motion, the authority of the Tax Court to vacate a decision that has become final is limited.  In Taub v. Commissioner, 64 T.C. 741 (1975), affd. without published opinion 538 F.2d 314 (2d Cir. 1976), the taxpayer in a deficiency case sought to vacate a decision that had become final.  We noted that as a general rule the finality of a decision is absolute.  Id. at 750; see also Lasky v. Commissioner, 235 F.2d 97 (9th Cir. 1956), affd. per curiam 352 U.S. 1027 (1957); Abatti v. Commissioner, 86 T.C. 1319, 1323 (1986), affd. 859 F.2d 115 (9th Cir. 1988).  We also noted that "we have jurisdiction to set aside a decision which would otherwise be final where there is 'fraud on the court.'"  Taub v. Commissioner, 64 T.C. at 751 (citing Toscano v. Commissioner, 441 F.2d 930 (9th Cir. 1971)); Kenner v. Commissioner, 387 F.2d 689 (7th Cir. 1968); see also Drobny v. Commissioner, 113 F.3d 670 (7th Cir. 1997), affg. T.C. Memo. 1995-209; Senate Realty Corp. v. Commissioner, 511 F.2d 929 (2d Cir. 1975).

In Abeles v. Commissioner, 90 T.C. 103 (1988), this Court held that it had the authority to vacate an otherwise final decision in a situation where the Court never acquired

jurisdiction over the petitioner. Accord <u>Billingsley v. Commissioner</u>, 868 F.2d 1081 (9th Cir. 1989); <u>Brannon's of Shawnee, Inc. v. Commissioner</u>, 69 T.C. 999 (1978).

This Court has also vacated a final decision in the situation where there was a clerical error in the decision document that was not discovered until after the decision had become final. See <u>Michaels v. Commissioner</u>, 144 F.3d 495 (7th Cir. 1998), affg. T.C. Memo. 1995-294.[4]

The Court of Appeals for the Sixth Circuit held that a final decision of the Tax Court could be vacated in situations involving a mutual mistake. <u>Reo Motors, Inc. v. Commissioner</u>, 219 F.2d 610 (6th Cir. 1955). However, in a more recent case, <u>Harbold v. Commissioner</u>, 51 F.3d 618, 622 (6th Cir. 1995), the Court of Appeals for the Sixth Circuit held that <u>Reo Motors, Inc.</u> was overruled by the Supreme Court in <u>Lasky v. Commissioner</u>, 352 U.S. 1027 (1957), and that the Court of Appeals for the Sixth Circuit would no longer follow the rationale of <u>Reo Motors, Inc.</u>

3. <u>Movant's Grounds for Vacating the Decision</u>

Irrespective of which standard of the cases discussed above is used, movant's allegations fall far short for purposes of vacating our decision in this case. He alleges that the named

---

[4] The Court of Appeals for the Eighth Circuit has held that the Tax Court lacks jurisdiction to vacate a final decision in the absence of "extraordinary circumstances." See <u>Ark. Oil & Gas, Inc. v. Commissioner</u>, 114 F.3d 795, 798 (8th Cir. 1997).

tax matters partner (TMP), Richard M. Greenberg, was in bankruptcy and was disqualified as the TMP. This is correct. Movant then asserts that either the Tax Court or respondent should have appointed a new TMP. This ignores the fact that, since 1995, the Court attempted in vain to find a limited partner who would be willing to serve as the TMP. Finally, movant alleges that the Court's affirmance of respondent's determinations created a whipsaw that "is patently unreasonable, unfair, unjust and inequitable." We are willing to assume that this is also correct. But the fact is that none of these allegations, standing alone or together, constitute a fraud on the Court or other valid reason for vacating a final decision of this Court.[5]

In concluding, we note that the decided cases regarding vacating a final decision of the Court involve so-called deficiency cases rather than TEFRA partnership cases. The current section 7481(a) is derived from section 1005(a) of the Revenue Act of 1926, ch. 27, tit. X, 44 Stat. 10. The legislative history states:

> Inasmuch as the statute of limitations upon assessments
> and suits for collection, both of which are suspended
> during review of the Commissioner's determination,
> commences to run upon the day upon which the Board's

---

[5] Indeed, we note that, putting aside the problem with the finality of the decision, the movant offers no explanation as to the reason for his failure to timely move to participate in this proceeding.

> [of Tax Appeals] decision becomes final, it is of utmost importance that this time be specified as accurately as possible.  In some instances in order to achieve this result the usual rules of law applicable in court procedure must be changed. * * * [S. Rept. 52, 69th Cong., 1st Sess. (1926), 1939-1 C.B. (Part 2) 332, 360.]

The legislative history of the TEFRA proceeding specifies that "The principles of section 7481(a) shall govern in determining the date on which a court decision becomes final."  H. Conf. Rept. 97-760, at 608 (1982), 1982-2 C.B. 600, 666.

As the Court of Appeals for the Ninth Circuit observed, Congress in enacting section 7481 "was conscious of the need that 'finality' be clearly defined, so that the process of collection can proceed unimpeded."  Toscano v. Commissioner, supra at 932. While this concern is apparent in deficiency cases, its force is at least as great in TEFRA partnership cases.  The liability of not just one taxpayer is at stake; rather, it is the liabilities of potentially all of the partners in the partnership.  Thus, if we were to vacate a final decision in a TEFRA case, the result clearly would impede the collection process.  We believe, therefore, that the reasoning underlying the cases restricting the vacating of final decisions of this Court applies, perhaps even more strongly, to partnership cases.

There are no viable grounds for vacating the final decision in this case.  Accordingly, granting movant's motion for leave

would be nothing more than an act of futility, and the motion will be denied.

An order denying the Motion for Leave to File Notice of Election to Participate Out of Time will be issued.
