T.C. Memo. 2014-38

UNITED STATES TAX COURT

MICHAEL S. MOUNTANOS, Petitioner
v. COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 8158-10.                    Filed March 6, 2014.

Wendy Abkin and Donald L. Feurzeig, for petitioner.

Christian A. Speck and Matthew D. Carlson, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

KROUPA, Judge:  This matter is before the Court on petitioner's Rule 161[1]

motion to reconsider our opinion in, and petitioner's Rule 162 motion to vacate or

[*]This opinion supplements our prior opinion, Mountanos v. Commissioner, T.C. Memo. 2013-138.

[1]Rule references are to the Tax Court Rules of Practice and Procedure, and section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated.

**[*2]** revise the decision entered under, <u>Mountanos v. Commissioner</u>, T.C. Memo. 2013-138 (<u>Mountanos I</u>). We held in <u>Mountanos I</u> that petitioner was not entitled to certain carryover deductions from the charitable contribution of a conservation easement (carryover deductions). We further held that petitioner was liable for an accuracy-related penalty because he claimed the conservation easement's value was 400% or more of the amount determined to be correct. <u>See</u> sec. 6662(a), (h). Petitioner now asks us, in a calculated maneuver to avoid the accuracy-related penalty, to address the alternative grounds respondent raised for disallowing the carryover deductions. We will deny his motions.

Background

We adopt the findings of fact we made in <u>Mountanos I</u>. We repeat only the facts necessary to resolve these motions.

Petitioner owned the Blue Lakes Ranch (ranch) through the Michael S. Mountanos Living Trust. The ranch consisted of largely undeveloped land in Lake County, California. In December 2005 petitioner conveyed a conservation easement on the ranch to the Golden State Land Conservancy (Golden State), a non-profit corporation. At the time petitioner conveyed the easement to Golden State, the ranch was under a contract that limited the ranch's use and development

[*3] according to the California Land Conservation Act of 1965. Cal. Gov't Code secs. 51200-51297.4 (West 2012).

Petitioner timely filed an individual Federal income tax return for 2005 and claimed a $4,691,500 charitable contribution deduction for conveying the conservation easement. Petitioner could use only $1,343,704 of the deduction for 2005 because of the gross income limitations applicable to his 2005 return. See sec. 170(b)(1)(B). Petitioner filed returns claiming carryover deductions for the following three years.

Respondent issued petitioner a deficiency notice disallowing the carryover deductions. Petitioner timely filed a petition. In Mountanos I we held that petitioner failed to prove conveying the conservation easement had any effect on the highest and best use of the ranch. Accordingly, we held that petitioner failed to prove that the conservation easement had any value.

Respondent challenged the carryover deductions on alternative grounds as well. Specifically, respondent claimed that petitioner failed to acquire a requisite "contemporaneous written acknowledgment" from the donee organization or a "qualified appraisal." See sec. 170(f)(8)(A); sec. 1.170A-13(c), Income Tax Regs. We did not address these alternative grounds because we dispositively found that petitioner failed to establish the conservation easement had value.

**[\*4]**   Petitioner now asks us to address these alternative grounds for disallowing the carryover deductions in hopes that our doing so will allow him to avoid the accuracy-related penalty.

## Discussion

We first address the standards this Court uses in deciding whether to grant a Rule 161 motion for reconsideration of an opinion or a Rule 162 motion to vacate or revise a decision.  We then address petitioner's contentions.

## I.  Standards Under Rules 161 and 162

We begin with the standard the Court uses to decide whether to grant a Rule 161 motion for reconsideration.  The decision rests within the Court's discretion. CWT Farms, Inc. v. Commissioner, 79 T.C. 1054, 1057 (1982), aff'd, 755 F.2d 790 (11th Cir. 1985).  We generally do not exercise our discretion to reconsider an opinion absent a showing of substantial error or unusual circumstances.  Haft Trust v. Commissioner, 62 T.C. 145 (1974), aff'd on this ground, 510 F.2d 43, 45 n.1 (1st Cir. 1975).

We now focus on the standard this Court uses in deciding whether to grant a Rule 162 motion to vacate or revise a decision.  Rule 162 does not provide us with a standard by which to evaluate a motion to vacate or revise a decision.  See Brewer v. Commissioner, T.C. Memo. 2005-10.  Accordingly, we will refer to the

**[\*5]** Federal Rules of Civil Procedure for guidance. Rule 1(b). We have often referred to rule 60 of the Federal Rules of Civil Procedure and cases applying that rule to assist us in resolving issues raised in a motion to vacate or revise a decision. See, e.g., Cinema '84 v. Commissioner, 122 T.C. 264, 267-268 (2004), aff'd, 412 F.3d 366 (2d Cir. 2005); Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1001 (1978). Motions to vacate or revise a decision are generally denied absent unusual circumstances or substantial error. See Fed. R. Civ. P. 60(b); Mitchell v. Commissioner, T.C. Memo. 2013-204.

II. Petitioner's Motions

    A. Rule 161 Motion for Reconsideration

We now focus on the motion for reconsideration. Petitioner urges us to reconsider Mountanos I to address the alternative grounds that respondent raised for disallowing the carryover deductions. We will address petitioner's arguments in turn.

Petitioner argues this Court must address the alternative grounds respondent raised in Mountanos I because it would allow him to avoid the accuracy-related penalty. Petitioner relies on two cases that hold an overvaluation penalty may not be imposed when there is some other ground for disallowing the entire portion of a deduction that otherwise might be disallowed for overvaluation. See Keller v.

**[\*6]** <u>Commissioner</u>, 556 F.3d 1056 (9th Cir. 2009), <u>aff'g in part, rev'g in part</u> T.C. Memo. 2006-131; <u>Gainer v. Commissioner</u>, 893 F.2d 225 (9th Cir. 1990), <u>aff'g</u> T.C. Memo. 1988-416.

Respondent distinguishes this case from <u>Keller</u> and <u>Gainer</u> because in those cases the taxpayers stipulated the non-valuation flaws in the deductions at issue. Respondent reasons that because petitioner did not concede a non-valuation flaw, <u>Keller</u> and <u>Gainer</u> are not binding. <u>See</u> <u>Golsen v. Commissioner</u>, 54 T.C. 742 (1970), <u>aff'd</u>, 445 F.2d 985 (10th Cir. 1971). We agree with respondent.[2]

---

[2]Additionally, the Supreme Court has recently spoken on the application of the gross valuation misstatement penalty. <u>See</u> <u>United States v. Woods</u>, 571 U.S. __, 134 S. Ct. 557 (2013). The Court held that the Commissioner's determination that a partnership was a sham is not independent from a taxpayer's overstatement of basis for purposes of the gross valuation misstatement penalty. <u>Id.</u> at __, 134 S. Ct. at 567-568. The taxpayer argued that the formula in the General Explanation of the Economic Recovery Tax Act of 1981, at 333 & note 2 (J. Comm. Print 1980) (blue book) explaining the application of the gross valuation misstatement penalty compelled a different result. <u>Id.</u> at __, 134 S. Ct. at 568. The Court recognized that the blue book may be relevant to the extent it is persuasive. <u>Id.</u> The Court then stated that the formula was not persuasive because it described a situation where there are "two separate, non-overlapping underpayments, only one of which is attributable to a valuation misstatement." <u>Id.</u> The Court's characterization of the blue book formula for applying the gross valuation misstatement penalty is in direct conflict with the characterization of the same formula as relied upon by <u>Keller v. Commissioner</u>, 556 F.3d 1056 (9th Cir. 2009), <u>aff'g in part, rev'g in part</u> T.C. Memo. 2006-131 and <u>Gainer v. Commissioner</u>, 893 F.2d 225 (9th Cir. 1990), <u>aff'g</u> T.C. Memo. 1988-416. Accordingly, the continuing viability of the line of cases on which petitioner relies is in question, and our reversal by the Court of Appeals for the Ninth Circuit would not be as a

(continued...)

**[\*7]** We now focus on why we are not bound by <u>Keller</u> or <u>Gainer</u> in this case. We start with <u>Gainer</u>, as it was the basis for the holding in <u>Keller</u>. The parties in <u>Gainer</u> stipulated that the taxpayer was not entitled to deductions stemming from an interest in a shipping container because it was not placed in service until a later year. <u>Gainer v. Commissioner</u>, 893 F.2d at 226. The Commissioner nonetheless sought to impose a penalty on the taxpayer for overvaluing the container.[3] <u>Id.</u>

The court relied on a formula in the General Explanation of the Economic Recovery Tax Act of 1981, at 333 & note 2 (J. Comm. Print 1980) (blue book) to understand the statute's application. <u>Gainer v. Commissioner</u>, 893 F.2d at 226. Following the formula, the court held that the taxpayer's underpayment could not be said to be attributable to the overvaluation of the shipping container. <u>Id.</u> at 227. The court reasoned that the underpayment did not vary depending on how much the container was overvalued because the parties stipulated that no deduction was allowable in the first instance. <u>Id.</u> Accordingly, the taxpayer's actual tax liability, after adjusting for failure to place the container in service, was no different from

---

[2](...continued)
matter of course. <u>See</u> <u>Golsen v. Commissioner</u>, 54 T.C. 742 (1970), <u>aff'd</u>, 445 F.2d 985 (10th Cir. 1971).

[3]The Court of Appeals in <u>Gainer</u> interpreted sec. 6659, now repealed, which also imposed a penalty on taxpayers who underpaid their taxes by overvaluing an asset.

**[\*8]** his liability after adjusting for any overvaluation.  Id.  Therefore, no penalty could apply.  Id.

We now look to Keller.  The parties in Keller stipulated that the taxpayer was not entitled to deductions stemming from a Hoyt partnership tax shelter. Keller v. Commissioner, 556 F.3d at 1058.  Therefore, the sole issue for trial was whether the Commissioner could impose the gross valuation misstatement penalty. Id.  The court reasoned that when a depreciation deduction is disallowed in total, any overvaluation is subsumed in that disallowance.  Id.  The court held that the stipulation rendered the taxpayer's basis overstatement irrelevant because the tax deficiency was attributable to an unlawful depreciation deduction--not an overvaluation.  Id.  Again, therefore, no penalty could apply.  Id.

Both Keller and Gainer concern taxpayers' stipulating that deductions were unlawful on a ground other than valuation.  Petitioner did not so stipulate.  Rather, petitioner challenged respondent's determination regarding the valuation of the conservation easement as well as the alternative grounds.[4]

---

[4]Petitioner now attempts to lose his redetermination argument on a different ground so as to avoid liability for our applying the gross valuation misstatement penalty.  Thus, he is attempting to take two bites at the same apple.  The Court of Appeals in Keller noted that a taxpayer's concession had significant consequences because it meant that the taxpayer was no longer able to argue the merits of his deficiencies in the Tax Court.  Keller v. Commissioner, 556 F.3d at 1061.  Here,

(continued...)

**[\*9]**   Neither <u>Keller</u> nor <u>Gainer</u> requires us to rule on the alternative grounds that petitioner fails to concede.[5]   Rather, <u>Keller</u> and <u>Gainer</u> require that we not uphold the Commissioner's imposing the gross valuation misstatement penalty where a taxpayer concedes the unlawfulness of a deduction on grounds other than valuation.  See, e.g., <u>Bergmann v. Commissioner</u>, 137 T.C. 136 (2011) (finding taxpayers conceded on grounds other than value or basis that they were not entitled to deduct any portion of the losses at issue), <u>aff'd</u>, __ Fed. Appx. __, 2014 WL 115713 (9th Cir. Jan. 14, 2014); <u>BLAK Invs. v. Commissioner</u>, T.C. Memo. 2012-273 (finding that the taxpayer conceded deductions on grounds unrelated to the value of basis of the property in the transaction); <u>Bergmann v. Commissioner</u>, T.C. Memo. 2009-289 (finding it premature to rule on a summary judgment motion that the gross valuation misstatement penalty does not apply because the taxpayer did not concede that no deductions were allowable).  We have also relied on the reasoning of <u>Gainer</u> where we have refused to uphold the imposition of a

_____

[4](...continued)
petitioner is attempting to gain advantage by both arguing the merits of his deficiencies in the Tax Court and then later seeking to lose his redetermination argument on a non-valuation ground to avoid the gross valuation misstatement penalty.

[5]Even if we were to attempt to rule on the alternative grounds just for purposes of the gross valuation misstatement penalty, there is no rational way to limit those holdings to the penalty analysis.

**[\*10]** gross valuation misstatement penalty when we found deductions unlawful on grounds other than valuation. See Derby v. Commissioner, T.C. Memo. 2008-45.

Petitioner also contends we must address the alternative grounds now to save us from having to revisit this issue should the Court of Appeals for the Ninth Circuit remand Mountanos I. Respondent counters that our principle of not gratuitously deciding complex issues that cannot affect the disposition of a case militates against petitioner's argument. We agree with respondent.

Principles of judicial administration guide us to not gratuitously decide complex issues that cannot affect the disposition of a case before us. LTV Corp. v. Commissioner, 64 T.C. 589, 595 (1975); see also Cigna Corp. v. Commissioner, T.C. Memo. 2012-266. Resolving a moot issue is tantamount to rendering an advisory opinion. See LTV Corp. v. Commissioner, 64 T.C. at 595; Grynberg v. Commissioner, T.C. Memo. 2000-15. This we refuse to do.

We held dispositively in Mountanos I that petitioner failed to prove that the conservation easement had value. Our addressing the alternative grounds that respondent raised would have no impact, then or now, on our disposing of this case. See Grynberg v. Commissioner, T.C. Memo. 2000-15. The alternative grounds that respondent raised for disallowing the carryover deductions are

**[\*11]** therefore moot. Accordingly, we decline the invitation to issue an advisory opinion. See LTV Corp. v. Commissioner, 64 T.C. at 595.

Petitioner has not shown that we committed substantial error or that any unusual circumstances exist. See Haft Trust v. Commissioner, 62 T.C. 145. Thus, there is no basis on which to reconsider our opinion in Mountanos I. See id.

### B. Rule 162 Motion To Vacate or Revise

We now focus on the motion to vacate or revise our decision in Mountanos I. Petitioner and respondent repeat the arguments they made with respect to the motion for reconsideration of our opinion. And we reach the same conclusion. There is no valid basis on which to revise or vacate our decision in Mountanos I. See Fed. R. Civ. P. 60(b).

### III. Conclusion

Petitioner has provided no valid basis for us to reconsider our opinion or vacate or revise our decision in Mountanos I. Accordingly, we will deny his motions.

We have considered all remaining arguments the parties made and, to the extent not addressed, we find them to be irrelevant, moot or meritless.

**[\*12]** To reflect the foregoing,

An appropriate order will be issued.