# United States Tax Court

T.C. Memo. 2023-90

LAIDLAWS HARLEY DAVIDSON SALES, INC.,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 2600-20L.                    Filed July 19, 2023.

————

*William J. Wise*, for petitioner.

*Allison N. Kruschke* and *Sarah E. Sexton Martinez*, for respondent.

MEMORANDUM OPINION

GREAVES, *Judge*: In this collection due process case, petitioner seeks review pursuant to sections 6320(c)[1] and 6330(d) of the determinations by the Internal Revenue Service (IRS or respondent) to uphold a notice of Federal tax lien filing and a notice of intent to levy. Petitioner contends that the settlement officer abused his discretion by failing to verify compliance with applicable law and administrative procedure, specifically, compliance with section 6751(b) and the Administrative Procedure Act (APA) notice-and-comment requirements for I.R.S. Notice 2007-83, 2007-2 C.B. 960. Respondent moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]** the collection actions was proper as a matter of law. For the reasons set forth below, we will grant respondent's motion.

## *Background*

The following facts are based on the parties' pleadings and motion papers, including attached declarations and exhibits and, unless otherwise stated, are not disputed.[2] Petitioner is a corporation with a principal place of business in California.

Respondent selected petitioner's 2006, 2007, and 2008 income tax returns for examination and determined deficiencies, additions to tax, and accuracy-related penalties under sections 6662(a) and 6662A. Respondent mailed a notice of deficiency to petitioner on February 2, 2012. Petitioner timely filed a petition for redetermination of the deficiencies with this Court. *See Laidlaw's Harley Davidson Sales, Inc. v. Commissioner*, No. 11181-12 (T.C. filed May 4, 2012). After various motions, the Court entered a stipulated decision on October 27, 2016 (2016 decision), finding, among other things, a penalty under section 6662A for 2008 of $16,800. Respondent assessed the unpaid taxes and penalties against petitioner.

In 2018 respondent sent petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing and a Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320. Petitioner timely submitted two Forms 12153, Request for a Collection Due Process or Equivalent Hearing, to the IRS Office of Appeals (Appeals Office)[3] for the levy and the lien.

After receiving the requests, the settlement officer set a date for a collection due process hearing and requested that petitioner submit Form 433–B, Collection Information Statement for Businesses.

---

[2] In *Robinette v. Commissioner*, 123 T.C. 85, 95 (2004), *rev'd*, 439 F.3d 455 (8th Cir. 2006), we held that "when reviewing for abuse of discretion under section 6330(d), we are not limited by the Administrative Procedure Act . . . and our review is not limited to the administrative record." The U.S. Court of Appeals for the Ninth Circuit has concluded that our review is limited to the administrative record for collection due process cases. *See Keller v. Commissioner*, 568 F.3d 710, 718 (9th Cir. 2009), *aff'g in part* T.C. Memo. 2006-166, and *aff'g in part*, *vacating in part* decisions in related cases. The Ninth Circuit is the appellate venue for this case absent stipulation by the parties, and we therefore follow that precedent. *See* § 7482(b); *Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971).

[3] This office is now referred to as the Independent Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019).

**[\*3]** Petitioner represented to the settlement officer that the only ground on which it challenged the collection activities was respondent's lack of compliance with section 6751(b) related to the 2008 section 6662A penalty.[4] Petitioner requested that the collection due process hearing be rescheduled to allow for the attendance of an additional attorney, who would argue that respondent failed to comply with section 6751(b). The settlement officer rejected this request on the basis that petitioner was precluded from advancing that argument. Petitioner failed to attend the collection due process hearing.

The settlement officer verified that the assessment was properly made, the notice and demand for payment was properly mailed, and there was an outstanding balance. Respondent sent petitioner two identical Notices of Determination Concerning Collection Actions under IRC Sections 6320 or 6330. Respondent sustained both the levy and lien actions and determined that the section 6751(b) argument was precluded. Petitioner timely filed a petition with this Court for review of the collection due process determinations. The sole issue petitioner has requested this Court to decide is whether respondent abused his discretion by failing to verify compliance with applicable law and administrative procedure.

*Discussion*

I.      *Summary Judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, unnecessary, and time-consuming trials. *See FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001). We may grant summary judgment where there is no genuine dispute of material fact and a decision may be rendered as a matter of law. *See* Rule 121(a)(2); *Elec. Arts, Inc. v. Commissioner*, 118 T.C. 226, 238 (2002). Furthermore, we construe the facts and draw all inferences in the light most favorable to the nonmoving party to decide whether summary judgment is appropriate. *See Bond v. Commissioner*, 100 T.C. 32, 36 (1993). The nonmoving party may not rest upon the mere allegations or denials of his pleading but must set forth specific facts showing that there is a genuine dispute for trial. *See* Rule 121(d); *Bond*, 100 T.C. at 36.

---

[4] Section 6751(b)(1) provides: "No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher-level official as the Secretary may designate."

**[\*4]** II.    *Standard of Review*

Section 6320(b) permits a taxpayer to challenge an IRS lien filing before the Appeals Office, and section 6320(c) (incorporating section 6330(d)) provides for Tax Court review of an Appeals Office determination.   Section 6330(b) permits a taxpayer to challenge a proposed levy before the Appeals Office, and section 6330(d) provides for Tax Court review of an Appeals Office determination.  The Code does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a collection due process case; rather, we are guided by our precedents.

Where (as here) the taxpayer's underlying liability is not in dispute, we review the IRS decision for abuse of discretion. *See Murphy v. Commissioner*, 125 T.C. 301, 308 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006); *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000).  A settlement officer abuses his discretion when the determination is "arbitrary, capricious, or without sound basis in fact or law." *See Murphy*, 125 T.C. at 320.   Thus, if the settlement officer followed all statutory and administrative guidelines and provided a reasoned, balanced decision, the Court will not reweigh the equities. *See Thompson v. Commissioner*, 140 T.C. 173, 179 (2013).

In deciding whether the settlement officer abused his discretion in sustaining the collection actions, we consider whether he (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [petitioner] that any collection action be no more intrusive than necessary." *See* § 6320(c) (incorporating § 6330(c)).

Petitioner challenges whether the settlement officer properly verified compliance with all applicable laws and administrative procedure.  Specifically, petitioner challenges the settlement officer's alleged failure to ensure compliance with the supervisory approval requirement of section 6751(b) and the APA notice-and-comment requirements for Notice 2007-83.[5]

---

[5] Notice 2007-83 identifies certain trust arrangements that claim to be welfare benefit funds and that use cash value life insurance policies, and substantially similar arrangements, as listed transactions.

**[\*5]** III.  *Verification*

Section 6330(c)(1) requires a settlement officer to "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met."  Verification of compliance with applicable law is reviewable by this Court without regard to whether the taxpayer raised it at the Appeals hearing.  *See Hoyle v. Commissioner*, 131 T.C. 197, 202–03 (2008), *supplemented by* 136 T.C. 463 (2011).  The settlement officer's verification has been accepted as adequate if there is supporting documentation in the administrative record.  *See Blackburn v. Commissioner*, 150 T.C. 218, 222 (2018).

A.  *Compliance with Section 6751(b) Approval*

First, we will address petitioner's argument that the settlement officer was required to verify compliance with section 6751(b).  Generally, as part of the verification, the settlement officer must verify compliance with section 6751(b).  *See ATL & Sons Holdings, Inc. v. Commissioner*, 152 T.C. 138, 144 (2019).

Respondent asserts that the settlement officer was precluded from considering arguments relating to section 6751(b) verification for the underlying penalty because of the 2016 decision.  Section 6330(c)(4) in effect codifies res judicata for collection due process hearings.  *See McIntosh v. Commissioner*, T.C. Memo. 2003-279, slip op. at 20 n.8; *Wooten v. Commissioner*, T.C. Memo. 2003-113, slip op. at 9.  A taxpayer is precluded from raising an issue at the hearing if (1) "the issue was raised and considered . . . in any other previous administrative or judicial proceeding" and (2) "the person seeking to raise the issue participated meaningfully in such hearing or proceeding."  *See* § 6330(c)(4)(A).

In the prior case petitioner challenged the assessment of the penalty under section 6662A.  That penalty was specifically noted in the 2016 decision.  Further, petitioner materially participated in the proceedings as it instituted the proceeding, filed numerous motions, and engaged in settlement negotiations resulting in the stipulated decision.  Thus, the issue of the section 6662A penalty satisfies the requirements of section 6330(c)(4), and petitioner is precluded from arguing the penalty was improperly determined.

This is not the first time the Court has analyzed the interaction between verification of all applicable law and administrative procedure

[*6] under section 6330(c)(1) and res judicata under section 6330(c)(4). *See Warner Enters., Inc. v. Commissioner*, T.C. Memo. 2022-85, at *6; *Elkins v. Commissioner*, T.C. Memo. 2020-110, at *21–22; *Rockafellor v. Commissioner*, T.C. Memo. 2019-160, at *11; *McAvey v. Commissioner*, T.C. Memo. 2018-142, at *23. Each time, the Court rejected the argument, finding that the original decision could not be set aside, and thus, remand would serve no purpose. *See, e.g.*, *Warner Enters., Inc.*, T.C. Memo. 2022-85, at *6.

In *Warner Enterprises, Inc.*, a taxpayer petitioned this Court for review of a collection due process hearing, after a final stipulated decision by this Court at the partnership level. *Id.* at *2. At the collection due process hearing the taxpayer sought to challenge the underlying penalties based on compliance with section 6751(b), an argument the settlement officer rejected as precluded. *Id.* at *2–3. We held that the settlement officer did not abuse his discretion by failing to verify section 6751(b) compliance because the partnership final decision could not be set aside. *Id.* at *7–8. To comply with section 6330(c)(1) after a prior final judgment, we stated that "the settlement officer merely needs to determine that the penalty was properly assessed but need not revisit the Court's underlying determination." *Id.* at *6; *see also Elkins*, T.C. Memo. 2020-110, at *21–22 (holding that there was no bona fide reason to demand verification of compliance with section 6751(b) in a taxpayer's collection due process hearing because neither the settlement officer nor the Court could set aside the prior partnership decision regarding penalties).

We have similarly found that a taxpayer cannot challenge compliance with section 6751(b) in a collection due process hearing after a closing agreement. *See Rockafellor*, T.C. Memo. 2019-160, at *11. In *Rockafellor*, the taxpayer had previously entered into a closing agreement with the Commissioner regarding tax preparer penalties under section 6694(b). *Id.* at *2–3. Subsequently, the taxpayer received a notice of Federal tax lien filing, which was the subject of the collection due process hearing. *Id.* at *4. The taxpayer sought review of the determination to uphold the lien filing with this Court, arguing that the settlement officer failed to verify compliance with section 6751(b). *Id.* at *8. We held that even if such verification was required, any error was harmless because neither the Court nor the settlement officer could set aside the closing agreement with respect to the penalties. *Id.* at *11; *see also McAvey*, T.C. Memo. 2018-142, at *23 (holding that a settlement officer did not abuse his discretion by failing to verify compliance with

[*7] section 6751(b) because neither the Court nor the settlement officer could set aside the closing agreement determining applicable penalties).

We find the rationale that the settlement officer is bound by our prior determination of the penalty compelling. Like partnership-level determinations and closing agreements, stipulated decisions are binding on the parties, absent extraordinary circumstances. *See* Rule 91(e); *Stamm Int'l Corp. v. Commissioner*, 90 T.C. 315, 321–22 (1988); *Spector v. Commissioner*, 42 T.C. 110, 113 (1964). The 2016 decision is final within the meaning of section 7481(a)(1). We are precluded from vacating or otherwise altering that decision, absent an exception. *See Cinema '84 v. Commissioner*, 122 T.C. 264, 270 (2004). Petitioner has failed to show any authority or circumstances that would permit us to set aside the prior decision determining the penalty. Therefore, verification of compliance with section 6751(b) would serve no bona fide purpose because the settlement officer would be bound by the prior decision of this Court to impose the penalty. Accordingly, we find that the settlement officer did not abuse his discretion in determining that he was precluded from considering arguments relating to section 6751(b) verification.

B.    *Verification that Notice 2007-83 Complied with the APA*

Next, we will address petitioner's argument that the settlement officer was required under section 6330(c)(1) to verify that the IRS complied with the APA rulemaking procedures in publishing Notice 2007-83. If the argument is proper under section 6330(c)(1), we may consider it despite petitioner's failure to raise it during the collection due process hearing. *See Hoyle*, 131 T.C. at 202–03. Section 6662A imposes a penalty on an understatement of tax attributable to a reportable transaction. The penalty is increased if disclosure is required under section 6664(d)(3)(A), requiring disclosure in accordance with the regulations under section 6011. *See* § 6662A(c). The applicable Treasury regulations define such transactions as "listed transactions," which are the same or substantially similar to one of the types of transactions that the IRS has determined to be tax avoidance transactions and identified by notice, regulation, or other form of published guidance. *See* Treas. Reg. § 1.6011-4(b)(2). Notice 2007-83 identifies certain trust arrangements that claim to be welfare benefit funds and that use cash value life insurance policies as tax avoidance transactions.

**[\*8]**    Petitioner may be correct in his assertion that Notice 2007-83 was improperly published by the IRS because it failed to comply with notice-and-comment procedures required under the APA. *See Mann Constr., Inc. v. United States*, 27 F.4th 1138, 1148 (6th Cir. 2022); s*ee also Green Valley Invs., LLC v. Commissioner*, No. 17379-19, 159 T.C., slip op. at 23 (Nov. 9, 2022) (holding that I.R.S. Notice 2017-10, 2017-41 I.R.B. 544, which defined certain syndicated conservation easement transactions as listed transactions, is a legislative rule that was improperly issued by the IRS without APA notice-and-comment procedures). However, we do not find that verification of such APA compliance is a requirement under section 6330(c)(1) in a collection due process hearing.

Again, section 6330(c)(1) dictates that the "appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." We have consistently held this verification is a simple verification and not a substantive review:

> Caselaw applying section 6330(c)(1) has not imposed a substantive review of the procedural steps that have been verified by the settlement officer or of the settlement officer's thought process. Rather the settlement officer's review of the administrative steps taken before assessment of the underlying liabilities has been accepted as adequate to the requirements of section 6330 if there is supporting documentation in the administrative record.

*Blackburn*, 150 T.C. at 222.

This Court has previously considered a settlement officer's obligation under section 6330(c)(1) to verify the validity of the law underlying a penalty determination. *See Goddard v. Commissioner*, T.C. Memo. 2022-96, at \*30. In *Goddard* the IRS assessed penalties under then section 6707 against two taxpayers. *Id.* at \*7–8. After the repeal and replacement of then section 6707, the IRS issued a notice of Federal tax lien filing, and the taxpayers asserted their right to a collection due process hearing. *Id.* at \*13. After the settlement officer sustained the tax lien filing, the taxpayers filed a petition with this Court. *Id.* at \*15–18. The taxpayers argued that the settlement officer abused his discretion under section 6330(c)(1) by failing to verify that section 6707 was not retroactively repealed, and thus, no longer a basis for the penalty. *Id.* at \*30. In applying the simplistic approach taken in *Blackburn*, we rejected this argument. *Id.* at \*30–31. We reasoned that

**[\*9]** such a level of inquiry has never been required for verification under 6330(c)(1). *Id.* at \*31 ("[H]aving a settlement officer comb through legislative history to verify whether a law, that was clearly applicable during the years at issue, was retroactively repealed is well beyond the ordinary scope of verification.").

The *Blackburn* approach leads to the same result in this case. Verifying compliance with the APA is a substantive review. Like verifying the retroactive repeal of a statute, verifying APA compliance would require the settlement officer to comb through the record created at the time of publication and ascertain the applicable requirements of the APA. To require this analysis of every publication relied upon by the IRS would impose a substantive review, which is not a proper inquiry under section 6330(c)(1). Rather, the APA challenge to the validity of Notice 2007-83 is a challenge to the underlying liability. Petitioner cannot challenge the underlying liability in this case, and therefore the settlement officer did not abuse his discretion in not verifying compliance with the APA.

Assuming arguendo that the APA argument was proper under section 6330(c)(1), petitioner was precluded from asserting it. As discussed above, petitioner meets the requirements of section 6330(c)(4) with respect to the section 6662A penalty because it litigated the penalty in this Court and materially participated in that proceeding. Like the challenge to the section 6751(b) verification, we find the argument in *Warner Enterprises, Inc.*, T.C. Memo. 2022-85, at \*6, equally compelling in the APA analysis because the final stipulated decision cannot be set aside by either the IRS or this Court. *See also Cinema '84*, 122 T.C. at 270. Thus, the settlement officer's determination of compliance with the APA would serve no bona fide purpose.

Accordingly, the settlement officer did not abuse his discretion in failing to verify that Notice 2007-83 was issued in accordance with the APA.

IV.    *Exception to Res Judicata for Section 6330(c)(1)*

Having found the verification arguments precluded, petitioner then asks this Court to create an exception for a secondary review of compliance with statutory and administrative requirements in collection due process hearings after the Court has ruled on penalties. Petitioner relies on the narrow exception to res judicata explored in *Ron Lykins, Inc. v. Commissioner*, 133 T.C. 87 (2009). The unique statutory

**[\*10]** scheme for net operating losses in *Ron Lykins, Inc.* is not applicable to section 6330(c)(1) verification.

In *Ron Lykins, Inc.*, a taxpayer alleged that the settlement officer abused his discretion in a collection due process hearing by refusing to hear the merits of a net operating loss carryback from tax year 2001, which would affect the outstanding liabilities for the years subject to the collection proceeding. *Id.* at 93. The settlement officer found that such argument was precluded. *Id.* at 93–94. We held that the taxpayer was not precluded from raising the net operating loss issue. *Id.* at 107. We explained that there is an applicable exception to res judicata when the statutory scheme indicates that a plaintiff should be permitted to split his claims. *Id.* at 106–11.

We identified the unique treatment of net operating losses under section 6511(d)(2)(B), which permits a taxpayer to pay a summary assessment and pursue overpayment remedies even if it "is otherwise prevented by the operation of any law or rule of law." *Id.* at 106. This treatment also extends to section 6511(d)(2)(A), which sets a special period of limitations for claims attributable to net operating losses. *See id.* at 106–08. This statutory scheme indicates that net operating loss carryback claims survive a deficiency case and may be asserted later by the taxpayer. *See id.* at 107. Because such a claim could be advanced in a refund suit despite a prior deficiency case, the taxpayer is entitled to assert net operating losses in a collection due process hearing. *See id.*

We also identified the unique treatment of net operating losses from the tax enforcement perspective: Section 6411 provides for a tentative refund for a net operating loss carryback after a cursory review. *See id.* at 108. Coupled with this cursory review, sections 6212(c)(1) and 6213(b)(3) together allow the IRS to determine an additional deficiency that results from an improper tentative carryback. *See id.* at 108–09. This additional deficiency is assessable without deficiency procedures as if it arose due to mathematical errors. *See id.* at 109. We found the alternative procedure for net operating losses constituted a statutory scheme that permits a party to split his claims, and thus, was excluded from the application of res judicata. *See id.*

Petitioner argues that the verification requirement under section 6330(c)(1) creates a similar statutory scheme that allows a taxpayer to split his procedural claims from the underlying tax liability. We do not find this argument persuasive. Unlike the express language in section 6511(d)(2)(B) that provides a claim will not be "prevented by the

**[\*11]** operation of any law or rule of law," there is no such express language in section 6330(c)(1).

To bolster his argument, petitioner points to the fact that this Court will consider verification under section 6330(c)(1) even if the taxpayer did not raise the issue at the collection due process hearing. *See Hoyle*, 131 T.C. at 202–03. This argument fails to show a statutory scheme similar to net operating losses. In *Ron Lykins, Inc.* we focused on the unique procedural treatment that allowed the taxpayer and the IRS to dispute net operating losses through an alternative procedure to traditional deficiency procedures. In contrast, section 6330(c)(1) verification is integrated into the collection due process hearing without the availability of an alternative administrative procedure. The jurisdiction of this Court to hear such challenges when not raised at the hearing does not create a unique statutory scheme. Petitioner fails to identify an alternative process for the verification under section 6330(c)(1).

For these reasons, this Court will not create an exception to res judicata for determinations under section 6330(c)(1) after a final court decision. To do so "would place the administrative agency in review of the Court." *See Warner Enters., Inc.*, T.C. Memo. 2022-85, at \*6.

We conclude that the settlement officer did not abuse his discretion by failing to consider verification under section 6751(b) or compliance with the APA with respect to petitioner's penalty under section 6662A. Accordingly, we will grant respondent's Motion for Summary Judgment under Rule 121.

To reflect the foregoing,

*An appropriate order and decision will be entered.*